Ludwig Esser and Paul Esser, Trading as Esser Brothers, Appellees, v. Community Consolidated School District No. 62, Appellant.

Gen. No. 44,240.

200

Opinion filed June 21, 1948. ' Released for publication September 9, 1948.

MADDEN, MECCIA & MEYER, of Chicágo, for appellant; KENNETH G. MEYER, of Chicago, of counsel.

JOHN LIGTENBERG, LEROY A. ZALESKI and JOSEPH F. EICHLER, all of Chicago, for appellees.

. MR. JUSTICE SCANLAN delivered the opinion of the court.

This is an appeal by defendant from an order striking paragraphs 4 to 13 of defendant's amended answer to plaintiffs' complaint. Defendant elected to abide by its answer and judgment was entered against it for $4,337.

The complaint, briefly stated, alleges:

1. Ludwig Esser and Paul Esser, doing business as Esser Brothers, state that on and prior to Febru-

ary 10, 1937, they were general building contractors operating in and about Des Plaines, Illinois.

2. That on February 10, 1937, School District No. 65 was indebted to plaintiffs for $4,337.00 for work, labor, and material furnished School District No. 65 in the construction of a school building; that on February 10, 1937, the said School District No. 65 promised to pay plaintiffs $4,337.00 which undertaking was reduced in words and figures, as follows:

"RESOLUTION CONCERNING CLAIMS OF HALVERSON
BROTHERS AND ESSER BROTHERS.

"Whereas, Halverson Brothers have heretofore been awarded the general contract for the construction of the new school building for this District; and

"Whereas, there was due and owing to Halverson Brothers for work, labor and materials furnished by them in connection with the construction of the said school building, the sum of $1367.90 on account of which there has been paid to them by the District, the sum of $1000.00 in 1931 tax warrants, leaving a balance of $376.90 still unpaid; and

"Whereas, Esser Brothers also furnished work, labor and materials in connection with the construction of the school building, at a total cost of $23,387.00 on account of which was paid as follows: by tax warrants $17,500.00, by cash $1,550.00, total paid on account $19,050.00, leaving an unpaid balance of $4,337.00; and

"Whereas, because of the failure of the Des Plaines State Bank, in which the money of the District was on deposit, and because of the general depression, further construction of the said building was stopped; and

"Whereas, this District has no funds at the present time with which to pay the balance due Halverson Brothers and Esser Brothers, as above set forth; and

"Whereas, the said school building is now being completed with the aid of the Federal Emergency Administration of Public Works, who have made a grant to the District in the sum of $7772.00 in order to be able to complete the building; and

"Whereas, this District was obliged to use all available funds in order to be able to comply with the requirements of the Federal Emergency Administration of Public Works for the completion of the said school building; and

"Whereas, it became necessary to secure a release from Halverson Brothers of its claim for $376.90, and it became necessary to secure a release from Esser Brothers of its claim for the balance of $4,337.00, before construction could begin for the completion of the said school building.

"Now, Therefore, it being the desire and intention of this District to pay the just debts and obligations of this District,

"Be It, And It Is Hereby Resolved:

"Section 1. That this District pay to Halverson Brothers the balance of $376.90 due them for work and labor performed, and materials furnished, in and about the construction of the new school building of this District; said payment to be made as soon as practicable and in such installments as finances of the District may warrant from time to time.

"Section 2. That this District pay to Esser Brothers the balance of $4,337.00 due them for work and labor performed, and materials furnished, in and about the construction of the new school building of this District; said payment to be made as soon as practicable and in such installments as finances of the District may warrant from time to time.

"Section 3. That a copy of this Resolution be filed with the Township Treasurer of Maine Township, Cook County, Illinois.

"Adopted: February 10th, 1937
"Vote: Ayes: 3 Directors
      Nays: None
"Approved: February 10th, 1937
"Recorded: February 10th, 1937

             "R. J. Nancarrow  (Signed)
                  "President
             "J. H. Jones     (Signed)
                  "Clerk
             "Louis Esser     (Signed)
                  "Member of Board.

"Upon motion duly made and seconded, and carried, the meeting was adjourned.

             "J. H. Jones     (Signed)
                  "Clerk

"We, the undersigned, having read the above and foregoing resolution adopted by the School Directors of District #65, Des Plaines, Illinois, for and in consideration of the sum of One Dollar in hand paid to each of the undersigned, the receipt and sufficiency whereof is hereby acknowledged, hereby certify that the facts stated in the said resolution are true, and hereby agree to accept payment of the balance due the undersigned as set forth in the above resolution.

        " . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
        doing business as Halverson Bros.
        "Esser Brothers     (Signed)
        "By Paul Esser     (Signed)
        doing business as Esser Brothers"

3. That thereafter on April 16, 1945, said School District No. 65 was consolidated with School District No. 62 and that thereafter said District was known as Community Consolidated School District No. 62; that the defendant took over and assumed all the assets, rights and obligations of said School District No. 65.

4. That notwithstanding said promise to pay the plaintiff said sum of money, the School District had · not paid said sum or any part thereof although often requested to do so; that the said School District has wholly neglected and refused to pay and still refuses to pay.

Plaintiffs ask judgment against defendant Community Consolidated School District No. 62 in the sum of $4,337.00.

Defendant filed a motion to dismiss the complaint, which motion was denied and it then filed its amended answer. Defendant states in its brief that the material parts of the answer are:

"Paragraph 3: That the plaintiff executed and delivered a release to School District No. 65 on October 24, 1936, releasing said School District of all claims and demands whatsoever, a copy of the release being attached to the answer and marked 'Exhibit B.'

"Paragraph 4: That the plaintiffs did not do any work or furnish any material to the defendant between October 24, 1936, the date of the release, and February 10, 1937, the date of the adoption of the resolution sued on.

"Paragraph 5: That on February 10, 1937, the assessed valuation of the School District No. 65 was $511,758.00. A certificate of the County Clerk was attached to the answer and marked 'Exhibit B.'

"Paragraph 8: That on February 10, 1937, there was issued and outstanding by said School District No. 65 building bonds in the amount of $44,000.00.

"Paragraphs 6 and 7; 10 to 13: That the outstanding indebtedness of said School District and the indebtedness sought to be incurred by the adoption of said resolution on February 10, 1937, exceeded both the statutory and constitutional debt limitations of the School District, and that accordingly the debt attempted to be incurred by said resolution was null and void."

Defendant contends: "The contract resolution is not supported by consideration and is therefore null and void"; that "paragraph 4" of defendant's amended answer specifically sets forth that plaintiffs did not do any work or furnish any material for defendant between October 24, 1936, when plaintiffs executed the release to defendant, and February 10, 1937, when School District No. 65 passed the resolution attempting to reinstate the debt; that the said release is under seal, signed by plaintiffs, and cannot be questioned by them in the case at bar, and that therefore the trial court erred in striking paragraphs 4 and 8 from defendant's answer. It is difficult to believe that defendant's contention that plaintiffs are bound by the release is seriously made. In *Parmelee v. Lawrence*, 44 Ill. 405, where the release was under seal, the court stated (p. 410): "But a release, like every other instrument, must be so construed as to carry out the intention of the parties. This intention is to be sought in the language of the instrument itself when read in the light of the circumstances which surrounded the transaction. The court which interprets must place itself as nearly as possible in the position of the parties when they acted. There is also another rule of construction which applies in the present case. If A receives a contract or other instrument from B, knowing that it was designed by B to bear a particular interpretation and to be used only for a specific purpose, then A has no right to give it a different interpretation, or to use it for a different purpose, though such new purpose may be consistent with the language of the instrument. *To permit A to pervert the instrument from the purpose for which he knew it was intended by B, would be to permit him to commit a fraud. This rule is founded upon the plainest dictates of natural justice.*" (Italics ours.) The above rule is the established law of this State and has been followed in numerous cases. It is particularly applicable to the

release in the instant case. Defendant District is governed by the same standard of honesty as a private corporation or a private citizen and the law will not countenance any evasion by it of its just debt. It is only fair to the directors of the School District to state that the resolution proves conclusively that they intended to deal honestly with plaintiffs. The resolution recites the calamities that caused the District to stop further construction upon the school building and made it impossible for the District to pay plaintiffs and other contractors for work that they had performed, and that in order to obtain the grant from the United States Government agency it was necessary to secure a release from plaintiffs; it declares that no part of the $4,337 was paid to plaintiffs at the time the release was given. It clearly admits that defendant owed plaintiffs $4,337 before the release was given and after it was given; it states that the release was given by plaintiffs to enable the School District to get $7,772 from the Federal Government so that the building might be completed. The resolution did not attempt to ''recreate'' or reinstate the debt, as defendant argues: it recognized the existing debt and promised to pay it as soon as the District was able to do so. While the release would be good as against the federal agency it is clear from the resolution that the directors did not consider the release as binding upon plaintiffs insofar as defendant was concerned. If the present position of defendant, that plaintiffs are bound by the release, were sustained, it would permit defendant to commit a fraud against plaintiffs. The instant contention of defendant is entirely devoid of merit.

■ ■ Defendant next contends that ''a debt contracted by a school district is null and void, if said debt together with existing indebtedness of said district exceeds 5% of the value of taxable property within said district,'' and that ''a debt contracted by

a school district is null and void, if said debt together with existing indebtedness of said district exceeds 2½% of the value of taxable property within said district." Defendant states that the answer sets forth "that on February 10, 1937, the indebtedness of the School District No. 65 as represented by outstanding bonds was $44,000.00, and that said bonded indebtedness together with the debt sought to be created by the adoption of said resolution on February 10, 1937, exceeded the debt limitation created by Article IX, Section 12 of the State Constitution, and, therefore, the adoption of said resolution was illegal, null and void"; that the trial court erred in striking certain paragraphs from the amended answer that set up the financial condition of defendant on February 10, 1937, and invoked the defense that the adoption of the resolution by the School District was in derogation of the Illinois Constitution and Section 44, Chapter 113 of the Illinois Statutes [Ill. Rev. Stat. 1947, ch. 113, par. 44; Jones Ill. Stats. Ann. 87.01]. We will endeavor to follow the argument of defendant in support of the instant contention: Defendant first assumes that the release released all claims that plaintiffs then had against defendant and that the resolution of February 10, 1937, "was an attempt to create a debt that did not then exist." Defendant then argues that the School District could not on February 10, 1937, create a debt against defendant because its financial condition *at that time* was such that the school directors in attempting to create the debt against defendant were acting in derogation of the Illinois Constitution and Section 44, Chapter 113 of the Illinois Statutes, and that in determining the question as to whether the school directors had the right to recreate the debt against defendant the financial condition of the School District on February 10, 1937, governed. We have heretofore held against the contention of defendant that the resolution of February 10, 1937, was an at-

tempt to create a debt that did not then exist, and that ruling, alone, is sufficient to dispose of the instant contention of defendant. However, we may add that the record shows clearly that the debt was contracted by defendant a considerable period before February 10, 1937. Indeed, defendant's answer seeks to avoid plaintiffs' claim by pleading the release dated October 24, 1936. The resolution states that defendant was unable to pay plaintiffs the balance it owed them "because of the failure of the Des Plaines State Bank, in which the money of the District was on deposit, and *because of the general depression.*" It is a matter of common knowledge that the general depression began a number of years before 1937 and that by that year it had nearly run its course. Defendant, in its brief, practically admits that it contracted the debt a number of years prior to the date of the resolution, and the answer of defendant is silent as to the financial condition of defendant at the time that defendant contracted the debt.

Defendant contends that "if defendant's amended answer was sufficient in law, then plaintiffs' motion to strike should be carried back to plaintiffs' complaint, and it should be stricken if it fails to set forth a cause of action." In support of this contention defendant argues that if plaintiffs' motion to strike were carried back to plaintiffs' complaint that pleading would be stricken because "the complaint on its face fails to show a cause of action for the reason that the contract resolution sued on, admits that a release had therefore been given by the plaintiffs and the complaint fails to allege that the plaintiffs did any work or furnished any material between the date of the release and the date of the resolution." What we have heretofore stated in answer to defendant's first contention disposes of this contention, and adversely to defendant.

We have considered several other contentions raised by defendant and are satisfied that there is no merit in any of them.

The judgment of the Circuit court of Cook county is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SULLIVAN, J., concur.